RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED __Y—2__
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____2-28-0_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 28  P 1: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

AMIE & ROBERT PELLIGRINI,
INDIVIDUALLY and
p.p.a. SAVERIO PELLIGRINI and MAXIMUS
PELLEGRINO, minors

V.

BARBARA STRICKER-FRIEDMAN, M.D.,
OB/GYN GROUP OF ATTLEBORO INC.,
JOHN DOE, M.D., ALIAS, JANE DOE, M.D.,
ALIAS and JOHN DOE CORPORATION, ALIAS

:
:
:
:
:
:
:
:
:
:
:

C.A. NO:

**05 10387 NMG**

MAGISTRATE JUDGE _____

## COMPLAINT

## PARTIES

1.    Plaintiffs Amie and Robert Pelligrini are citizens and residents of Cumberland, Rhode Island. Plaintiffs Saverio and Maximus Pelligrini, minors, are citizens and residents of Cumberland, Rhode Island. Plaintiffs Amie and Robert Pelligrini bring this action individually, and as p.p.a. of Saverio and Maximus Pelligrini.

2.    Defendant, Barbara Stricker-Friedman, M.D. ("Dr. Stricker-Friedman") upon information and belief is a citizen and resident of the Commonwealth of Massachusetts. At all relevant times, Dr. Stricker-Friedman was engaged in the practice of medicine in Massachusetts and held herself out to be a specialist in the field of obstetrics and gynecology. At all times mentioned therein, Dr. Stricker-Friedman was an employee, agent, apparent agent, and/or servant of Defendant OB/GYN Group of Attleboro, Inc.

3.    Defendant, OB/GYN Group of Attleboro, Inc. ("OB/GYN Group") is a non-business corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business therein.

1

4.      Defendants, John Doe, M.D., Alias and Jane Doe, M.D., Alias ("Does") are citizens and residents of the Commonwealth of Massachusetts. The true names of said Defendants are unknown to Plaintiffs, who consequently sue such Defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state Defendant's true names when such have been ascertained. At all times mentioned therein, said Defendants were agents, apparent agents, and/or employees of OB/GYN Group of Attleboro, Inc.

5.      Defendant John Doe Corporation, upon information and belief is a non-business Corporation existing under the laws of Commonwealth of Massachusetts with a principal place of business therein. The true name of the Defendant Corporation is unknown to Plaintiffs who consequently sue such Defendant by fictitious name. Plaintiff's will seek leave to amend their Complaint to state the true name of Defendant John Doe Corporation when such has been ascertained.

## JURISDICTION

6.      Jurisdiction before this Federal Court is based on the diversity of citizenship of the parties; this matter satisfies the requirements of and is permitted pursuant to 28 U.S.C. § 1332.

## FACTS

7.      In 2001, Amie Pellegrini became pregnant with her second child and on November 1, 2001, attended her first prenatal visit at OB/GYN Group and then and there began treating as a patient of Dr. Stricker-Friedman.

8.      Mrs. Pelligrini attended regularly scheduled prenatal evaluations at OB/GYN Group and at one such evaluation reported a history of post partum thyroiditis following the birth of her first child.

9.    On May 22, 2002, Mrs. Pellegrini developed contractions, which increased in intensity and was admitted to Sturdy Memorial Hospital.

10.    There, an emergency cesarean section was performed by Dr. Llewellyn.

11.    On June 13, 2002, Mrs. Pellegrini returned to Dr. Stricker-Friedman's office for a post-partum evaluation.

12.    At that time, Mrs. Pellegrini complained of fatigue and shortness of breath and was prescribed oral contraceptives.

13.    On August 20, 2002 Mrs. Pellegrini telephoned Dr. Stricker-Friedman's office and again complained of continued fatigue, worsening shortness of breath and pain between her shoulder blades.

14.    Given the history, as reported during her prenatal visits, Mrs. Pellegrini suggested the possibility of post partum thyroiditis as the cause of her symptoms. She was instructed to come to the office for thyroid testing and blood work was drawn.

15.    Following the blood work, Mrs. Pellegrini received a note stating her thyroid tests were normal.

16.    Notwithstanding, Mrs. Pellegrini continued to experience and complain of worsening symptoms of fatigue and shortness of breath, for which she also consulted a chiropractor and an endocrinologist.

17.    Mrs. Pelligrini also contacted Dr. M. Brooks, her former primary care physician in New Hampshire. On October 3, 2002, Dr. Brooks examined Mrs. Pellegrini and ordered a chest x-ray and echocardiogram to rule out cardiomyopathy.

18.    The chest x-ray showed evidence of infiltrates and the echocardiogram was interpreted as showing borderline pulmonary pressures without frank hypertension. Dr. Brooks referred Mrs. Pellegrini to Dr. Fessler, a pulmonologist.

3

19.     Dr. Fessler ordered a CT scan of the chest to evaluate the abnormalities visualized on chest x-ray. The CT scan revealed a large pulmonary embolus spanning the left upper lobe and left lower lobe pulmonary arteries. A small embolus was also noted in the right lower lobe pulmonary artery.

20.     Home oxygen and anticoagulation therapy were prescribed but Mrs. Pelligrini's condition failed to improve.

21.     An inferior vena cava filter was placed and Mrs. Pellegrini was referred to The University of San Diego for pulmonary thromboendarterectomy.

22.     The pulmonary thromboendarterectomy was performed and during the postoperative recovery period, Mrs. Pellegrini developed shortness of breath, and a pericardial effusion. This condition required hospitalization and drainage of the fluid collection.

23.     Mrs. Pelligrini continues to suffer from shortness of breath upon exertion, and will remain on life-long anticoagulation therapy.

24.     Mr. & Mrs. Pellegrini have been advised not to have more children, and permanent sterilization has been recommended.

## COUNT I
## NEGLIGENCE
## BARBARA STRICKER-FRIEDMAN, M.D.

1.     Paragraphs 1 through 24 of the complaint are hereby incorporated by reference as if set forth fully herein.

2.     On or about May 22, 2002, and thereafter, Defendant Dr. Stricker-Friedman undertook for valuable consideration to treat and care for Plaintiff, Amie Pellegrini.

3.     It then and there became the duty of Dr. Stricker-Friedman, to exercise that degree of skill and diligence in rendering treatment and care to Mrs. Pelligrini ordinarily possessed

by a physician of the same specialty or rendering similar services in this locality or similar locality.

4.      Nevertheless, Dr. Stricker-Friedman disregarded her duty as aforesaid and failed to exercise said level of care in that she negligently failed to render adequate, proper, and necessary treatment to Amie Pelligrini.

5.      As a direct and proximate result of Defendant Stricker-Friedman's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

           **WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and  p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant Dr. Stricker-Friedman

in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT II
## LACK OF INFORMED CONSENT
## BARBARA STRICKER-FRIEDMAN, M.D.

1.    Paragraphs 1 and 2 of Count I are hereby incorporated by reference as if set forth fully at length herein.

2.    It then and there became the duty of Defendant Stricker-Friedman, no emergency existing, to inform Mrs. Pelligrini of the risks of harm attendant to the treatment and care she proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of Defendant Stricker-Friedman to obtain Mrs. Pelligrini's informed consent before proceeding with said treatment and care.

3.    Nevertheless, Defendant Stricker-Friedman disregarded her duty as aforesaid and failed to inform Mrs. Pelligrini of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.    If Defendant Stricker-Friedman had informed Mrs. Pelligrini of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered and continues to suffer as a direct result of Defendant Stricker-Friedman's performance of the treatment and care in question, Mrs. Pelligrini would have refused to consent to the performance of said treatment and care.

5.    As a direct and proximate result of Defendant Stricker-Friedman's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and

suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

        **WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and   p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant Dr. Stricker-Friedman in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

### COUNT III
### RES IPSA LOQUITUR
### BARBARA STRICKER-FRIEDMAN, M.D.

1.      Count I is hereby incorporated by reference as if set forth fully at length herein.

2.      During the course of and as a result of the treatment and care in question, Mrs. Pelligrini sustained serious bodily injury and was otherwise damaged.

3.      At all material times, Defendant Stricker-Friedman and/or her agents, apparent agents, servants, and/or employees were in exclusive control of Mrs. Pelligrini's body and of

the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

4.      Plaintiffs are without knowledge as to the precise acts of negligence of Defendant Stricker-Friedman and/or her agents, apparent agents,

servants, and/or employees which caused the aforesaid bodily injury and other damages.

5.      Injuries of the type sustained by Mrs. Pelligrini in the course of diagnosis, treatment, and care such as that in question do not ordinarily occur in the absence of negligence on the part of the person or persons in control of and/or participating in such diagnosis, treatment, and care.

6.      As a direct and proximate result of Defendant Stricker-Friedman's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

9.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

WHEREFORE, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant Dr. Stricker-Friedman in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT IV
## NEGLIGENCE
## OB/GYN GROUP OF ATTLEBORO, INC.

1.    Paragraphs 1 through 24 are hereby incorporated as if set forth fully and at length herein.

2.    On or about November 1, 2001, and thereafter, Defendant, OB/GYN Group undertook for valuable consideration to treat and care for Plaintiff, Amie Pelligrini.

3.    It then and there became the duty of Defendant OB/GYN Group by and through its agents, apparent agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mrs. Pelligrini.

4.    Nevertheless, Defendant OB/GYN Group disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, shareholders, and/or partners, failed to exercise said ordinary care in that the employees, agents, apparent agents, servants, shareholders, and/or partners of Defendant OB/GYN Group failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mrs. Pelligrini, and were otherwise negligent in their diagnosis, treatment, and care of her.

5.    As a direct and proximate result of Defendant OB/GYN Group's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and

nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.     By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.     By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.     By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and   p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant OB/GYN Group, Inc. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT V
## RES IPSA LOQUITOR
## OB/GYN GROUP OF ATTLEBORO, INC.

1.     Count IV is hereby incorporated as if set forth fully and at length herein.

2.     During the course of and as a proximate result of the treatment and care in question, Mrs. Pelligrini suffered serious bodily injury and was otherwise damaged.

3.      At all material times, Defendant OB/GYN Group and/or its agents, apparent agents, servants, and employees were in exclusive control of Mrs. Pelligrini's body and of the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

4.      Plaintiffs are without knowledge as to the precise acts of negligence of Defendant OB/GYN Group and/or its agents, apparent agents, servants, and/or employees which caused the aforesaid bodily injury and other damages.

5.      Injuries of the type sustained by Mrs. Pelligrini in the course of diagnosis, treatment, and care do not ordinarily occur in the absence of negligence on the part of the person or persons in control of and/or participating in such diagnosis, treatment, and care.

6.      As a direct and proximate result of Defendant OB/GYN Group's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

7.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

9.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

        **WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and   p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant OB/GYN Group, Inc. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

<div align="center">

**COUNT VI**
**VICARIOUS LIABILITY**
**OB/GYN GROUP OF ATTLEBORO, INC.**

</div>

1.      Plaintiffs hereby incorporate Counts I through III and VIII through X of the complaint as if fully set forth herein.

2.      Defendants Dr. Sticker-Friedman and Dr. Doe were employees, agents, servants, shareholders and/or partners of Defendant OB/GYN Group and were acting within the scope of their employment at all times relevant hereto.

3.      Defendant OB/GYN Group was at all relevant times responsible for the acts of its employees, agents, apparent agents, servants, shareholders and/or partners, including, but not limited to, the acts of Defendant Dr. Stricker-Friedman and Defendant Dr. Doe.

4.      As a direct and proximate result of the Defendant physician's negligence, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

5.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

7.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant OB/GYN Group, Inc. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT VII
## CORPORATE LIABILITY
## OB/GYN GROUP, INC.

1.      Paragraphs 1 through 24 and Count IV and V are thereby incorporated as if set forth fully and at length therein.

2.      It then and there became and was the duty of Defendant OB/GYN Group to provide quality medical care to Mrs. Pelligrini, to protect her safety, to protect her from incompetent and/or negligent treatment by its agents, servants, employees and/or apparent agents, and to otherwise exercise reasonable care for her protection and well-being.

3.      Nevertheless, Defendant OB/GYN Group negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the

delivery of ordinary medical group care, failed to properly credential and privilege its medical professionals, and otherwise failed to discharge its responsibilities as a medical group to the Plaintiff.

4.    As a direct and proximate result of Defendant OB/GYN Group's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

5.    By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.    By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

7.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant OB/GYN Group, Inc. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

### COUNT VIII
### NEGLIGENCE
### JOHN AND JANE DOE, M.D., ALIAS

1.     Plaintiffs hereby incorporate Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

2.     On or about November 1, 2001 and thereafter, Defendants Doe undertook for a valuable consideration to diagnose, treat, and care for Amie Pelligrini.

3.     It then and there became and was the duty of the Defendants Doe to exercise that degree of diligence and skill required of the average physician in the practice of obstetrics and gynecology.

4.     Nevertheless, Defendants Doe disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Pelligrini and were otherwise negligent in their diagnosis, treatment, and care of her.

5.     As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.     By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.     By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie

Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendants Doe, M.D. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

<div align="center">

## COUNT VIII
## LACK OF INFORMED CONSENT
## JOHN AND JANE DOE, M.D., ALIAS

</div>

1.    Count VIII is hereby incorporated by reference as if set forth fully at length herein.

2.    It then and there became the duty of Defendants Doe, no emergency existing, to inform Mrs. Pelligrini of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of Defendants to obtain Mrs. Pelligrini's informed consent before proceeding with said treatment and care

3.    Nevertheless, Defendants Doe disregarded their duty as aforesaid and failed to inform Mrs. Pelligrini of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.    If Defendants had informed Mrs. Pelligrini of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered and continues to suffer as a direct result of Defendant's

performance of the treatment and care in question, Mrs. Pelligrini would have refused to consent to the performance of said treatment and care.

5.      As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

        **WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendants Doe, M.D. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT X
## RES IPSA LOQUITOR
## JOHN AND JANE DOE, M.D., ALIAS

1.    Count VIII is hereby incorporated as if set forth fully at length herein.

2.    During the course of and as a proximate result of the treatment and care in question, Mrs. Pelligrini suffered serious bodily injury and was otherwise damaged.

3.    At all material times, Defendants Doe and/or their agents, apparent agents, servants, and employees were in exclusive control of Mrs. Pelligrini's body and of the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

4.    Plaintiffs are without knowledge as to the precise acts of negligence of Defendants and/or their agents, apparent agents, servants, and/or employees, which caused the aforesaid bodily injury and other damages.

5.    Injuries of the type sustained by Mrs. Pelligrini in the course of diagnosis, treatment, and care question do not ordinarily occur in the absence of negligence on the part of the person or persons in control of and/or participating in such diagnosis, treatment, and care.

6.    As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.    By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

9.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

WHEREFORE, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendants Doe, M.D. in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT XI
## NEGLIGENCE
## JOHN DOE CORPORATION

1.    Plaintiffs thereby incorporate Paragraphs 1 through 24 of the Complaint as if set forth fully and at length therein.

2.    On or about November 1, 2001 and thereafter Defendant John Doe Corporation undertook for a valuable consideration to diagnose treat and care for Plaintiff.

3.    It then and there became and was the duty of said Defendant John Doe Corporation through its agents, apparent agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Amie Pelligrini.

4.    Nevertheless, Defendant John Doe Corporation disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, apparent agents, servants, and/or partners of Defendant John Doe Corporation failed to properly diagnose and failed to render

adequate, proper and necessary treatment to Amie Pellegrini and were otherwise negligent in their diagnosis, treatment, and care of Mrs. Pelligrini.

5.      As a direct and proximate result of Defendant John Doe Corporation's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

6.      By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

8.      By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE**, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT XII
## RES IPSA LOQUITOR
## JOHN DOE CORPORATION

1.    Count XI is hereby incorporated as if set forth fully and at length herein.

2.    During the course of and as a proximate result of the treatment and care in question, Mrs. Pelligrini suffered serious bodily injury and was otherwise damaged.

3.    At all material times, Defendant John Doe Corporation and/or its agents, apparent agents, servants, and employees were in exclusive control of Mrs. Pelligrini's body and of the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

4.    Plaintiffs are without knowledge as to the precise acts of negligence of Defendant John Doe Corporation and/or its agents, apparent agents, servants, and/or employees which caused the aforesaid bodily injury and other damages.

5.    Injuries of the type sustained by Mrs. Pelligrini in the course of diagnosis, treatment, and care do not ordinarily occur in the absence of negligence on the part of the person or persons in control of and/or participating in such diagnosis, treatment, and care.

6.    As a direct and proximate result of Defendant John Doe Corporation's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

7.    By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8.    By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

9.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

WHEREFORE, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

## COUNT XIII
## VICARIOUS LIABILITY
## JOHN DOE CORPORATION

1.    Plaintiffs hereby incorporate Paragraphs 1 through 24 and Counts I through III and VIII through XI of the Complaint as if fully set forth herein.

2.    Defendants Dr. Stricker-Friedman and John and Jane Doe, M.D., Alias were employees, agents, apparent agents, servants, shareholders and/or partners of Defendant John Doe Corporation and were acting within the scope of their employment at all times relevant hereto.

3.    Defendant John Doe Corporation was at all relevant times responsible for the acts of its employees, agents, apparent agents, servants, shareholders and/or partners, including, but not limited to, the acts of Defendants John and Jane Doe, M.D., Alias.

4.    As a direct and proximate result of the Defendant John and Jane Doe, M.D.'s negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body,

nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

5.    By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.    By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

7.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

WHEREFORE, Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just..

## COUNT XIV
## CORPORATE LIABILITY
## JOHN DOE CORPORATION

1.    Counts XI and XII are hereby incorporated as if set forth fully and at length herein.

2.    It then and there became and was the duty of Defendant John Doe Corporation to provide quality medical care to Mrs. Pelligrini, to protect her safety, to protect her from

incompetent and/or negligent treatment by its agents, servants, employees, and/or apparent agents, and to otherwise exercise reasonable care for her protection and well-being.

3.    Nevertheless, Defendant John Doe Corporation negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care, failed to properly credential and privilege its medical professionals, and otherwise failed to discharge its responsibilities as a medical group to Mrs. Pelligrini.

4.    As a direct and proximate result of Defendant John Doe Corporation's negligence as aforesaid, Plaintiff Amie Pelligrini suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has and will suffer a loss of enjoyment of life and loss of earning capacity, all of which injuries are permanent, and has been otherwise permanently damaged.

5.    By reason of the foregoing, Amie Pelligrini has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.    By reason of the foregoing, Robert Pelligrini has suffered and will continue to suffer the loss of society, services, companionship, comfort and consortium from his wife, Amie Pelligrini, who, in turn, has suffered and will continue to suffer the same losses from her husband, Robert Pelligrini.

7.    By reason of the foregoing, Plaintiffs Saverio Pelligrini and Maximus Pelligrini, have been and will continue to be deprived of the services, affection, society, of their mother, Amie Pelligrini.

**WHEREFORE,** Plaintiffs Amie and Robert Pelligrini, individually, and p.p.a. Saverio and Maximus Pelligrini, demand judgment against Defendant John Doe Corporation in an amount exceeding the jurisdictional minimum of this Court, plus interest and costs, and whatever further relief this Honorable Court deems just.

<div style="margin-left: 45%;">

Plaintiffs
By their Attorneys,

Amato A. DeLuca (BBO #638458)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax

</div>

Dated: 2/24/05

**PLAINTIFFS DEMAND A TRIAL BY JURY**
**AND DESIGNATE AMATO A. DELUCA**
**AS TRIAL ATTORNEY.**

®JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AMIE & ROBERT PELLIGRINI, INDIVIDUALLY and p.p.a.
SAVERIO PELLIGRINI and MAXIMUS PELLIGRINI, minors

**DEFENDANTS**
BARBARA STRIKER FRIEDMAN, M.D., OB/GYN GROUP O
ATTLEBORO, INC., JOHN DOE, M.D., ALIAS,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Attleboro
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI
02903 (401) 453-1500

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Failure to diagnose pulmonary embolus

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) _Amie Pelligrini vs. Barbara Stricker-Friedman, M.D._

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [✓] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                         YES [ ]    NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)
                                                                                         YES [ ]    NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                         YES [ ]    NO [✓]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                         YES [ ]    NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                                                         YES [ ]    NO [✓]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]           Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [✓]        Central Division [ ]           Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                                                         YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Amato A. DeLuca (BBO #638458)_
ADDRESS _DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903_

TELEPHONE NO. _(401) 453-1500_

(Coversheetlocal.wpd - 10/17/02)