UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMIE & ROBERT PELLIGRINI,
Individually and ppa SAVERIO
PELLIGRINI and MAXIMUS
PELLIGRINO, minors.
    Plaintiffs,

CIVIL ACTION NO: 05-10387-NMG

V.

BARBARA STRICKER-FRIEDMAN, M.D.,
ET ALS,
    Defendants.

## MEMORANDUM OF THE DEFENDANT, BARBARA STRICKER-FRIEDMAN, M.D., IN SUPPORT OF HER MOTION TO TRANSFER THE CLAIMS AGAINST HIM TO THE MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL

### BACKGROUND

In the above-captioned matter the plaintiffs, Amie and Robert Pelligrini, Individually and ppa Saverio Pelligrini and Maximus Pellegrino, allege that the defendant, Barbara Stricker-Friedman, M.D., rendered negligent medical care to Amie Pelligrini during her pregnancy, labor and delivery of the minor plaintiffs, Saverio and Maximus Pelligrini. The said defendant submits that M.G.L. c. 231, § 60B requires that this action be referred, temporarily, to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal.

### ARGUMENT

#### MASSACHUSETTS GENERAL LAWS c. 231, § 60B REQUIRES THAT THIS CASE BE TRANSFERRED TO THE MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL.

Massachusetts General Laws c. 231, § 60B provides that every "action for malpractice, error or mistake against the provider of healthcare shall be heard by a tribunal" consisting of a single Justice of the Superior Court, a physician and an attorney. Pursuant to the terms of this

-2-

statute, all treatment related claims must therefore be referred to a medical malpractice tribunal. *Little v. Rosenthal*, 376 Mass. 573, 382 N.E.2d 1037 (1978). Where a medical malpractice action has been brought in a Court other than the Massachusetts Superior Court, the Court in which the action is brought should transfer the case to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal. M.G.L. c. 231, § 60B; *Feinstein v. Massachusetts General Hospital*, 643 F.2d 880 (C.A. Mass. 1981); *Austin v. Boston University Hospital*, 363 N.E.2d 515, 372 Mass. 654 (1977).

Counts I and IV of the plaintiffs' Complaint claim, alleges that the defendant, Barbara Stricker-Friedman, M.D., acted negligently causing conscious pain and suffering and permanent injuries to the plaintiffs. These allegations deal specifically with claims of inadequate or negligent obstetrical care of the plaintiff, Amie Pelligrini, by the defendant, Barbara Stricker-Friedman, M.D. and constitute an "action for malpractice, error or mistake." Therefore a medical malpractice tribunal hearing must be convened pursuant to Massachusetts General Laws c. 231, § 60B; *Little v. Rosenthal*, 376 Mass. 573, 382 N.E.2d 1037 (1978). Accordingly, this action should be transferred to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal, in accordance with M.G.L. c. 231, § 60B.

-3-

## CONCLUSION

For all of the foregoing reasons, the defendant, Barbara Stricker-Friedman, M.D. respectfully requests that this Honorable Court transfer this case to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal.

By her attorneys,

FICKSMAN & CONLEY, LLP

_____
NANCY L. WATSON
BBO # 542480
98 North Washington Street-Suite 500
Boston, MA 02114
(617) 720-1515

## CERTIFICATE OF SERVICE

I, Nancy L. Watson, attorney for said defendant, hereby certify that I have this day served a copy of the foregoing Memorandum upon the plaintiff by mailing a copy thereof, postage prepaid, directed to: Amato A. DeLuca, DeLuca & Weizenbaum, Ltd. 199 North Main Street, Providence, RI 02903.

Signed under the penalties of perjury.

DATED:   April 6, 2005

_____
NANCY L. WATSON
BBO # 542480