UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMIE & ROBERT PELLIGRINI,
Individually and ppa SAVERIO
PELLIGRINI and MAXIMUS
PELLIGRINO, minors.
    Plaintiffs,

CIVIL ACTION NO: 05-10387-NMG

V.

BARBARA STRICKER-FRIEDMAN, M.D.,
ET ALS,
    Defendants.

## MOTION OF THE DEFENDANTS, BARBARA STRICKER-FRIEDMAN, M.D. AND OB/GYN GROUP OF ATTLEBORO, INC., TO DISMISS WITH PREJUDICE PURSUANT TO F.R.C.P. RULE 37(d)

Now come the defendants, Barbara Stricker-Friedman, M.D. and Ob/Gyn Group of

Attleboro, Inc., and respectfully request that this Honorable Court dismiss this case with

prejudice pursuant to F.R.C.P. Rule 37(d).  The grounds in support of this motion are set forth

below:

1.    This is an alleged medical malpractice action which was filed by the plaintiffs on or about February 24, 2005.

2.    When the case was filed, the plaintiffs were represented by the firm of Deluca & Weizenbaum.

3.    The first trial date for this case was July 9, 2007.  The parties filed a joint motion to continue the trial date for three months.  The trial date was rescheduled for September 24, 2007.

4.    Deluca & Weizenbaum filed a motion to withdraw as plaintiffs' counsel on September 10, 2007, two weeks before the second trial date.  The defendants filed a response to the motion to withdraw on September 14, 2007.

-2-

5.    On September 19, 2007, this court conducted a phone conference regarding Deluca & Weizenbaum's motion to withdraw as plaintiffs' counsel. Attorney Michael T. Eskey of Deluca & Weizenbaum, Matthew R. Connors of Ficksman & Conley and the plaintiff, Amie Pellegrini participated in the conference. The Court ordered that the plaintiffs were required to retain new counsel by October 31, 2007. The Court also set a third trial date of January 14, 2008. During the conference, counsel for the defendants informed the court that the plaintiffs' depositions had yet to be conducted and were necessary to complete discovery and prepare for trial. The court therefore ordered that all outstanding depositions and discovery be completed by November 30, 2007.

6.    On October 30, 2007 the plaintiff Amie Pelligrini, filed a motion for extension of time to retain new counsel. The court allowed the motion and set a new deadline of November 30, 2007 for new counsel to be retained.

7.    Counsel for the defendants served the plaintiffs with notices to conduct their depositions on October 31, 2007. Those notices scheduled the plaintiffs' depositions for November 27, 2007. The plaintiffs were called the day before these scheduled depositions to confirm that they would be attending. Defense counsel was informed that the plaintiffs had not retained new counsel and would not be appearing for their depositions.

8.    On November 26, 2007, defense counsel served the plaintiffs with another letter and notices to conduct their depositions. The depositions were scheduled, pursuant to these notices, for December 4, 2007. The day before these scheduled depositions, counsel for defendants, Nancy Watson, received a call from plaintiff, Robert Pelligrini. Mr. Pelligrini stated that he and Amie Pelligrini would not be appearing for these scheduled depositions and had not retained successor counsel. Mr. Pelligrini also indicated that, because the plaintiffs had not retained new counsel they would not appear for depositions and would not be able to try the case.

9.    The plaintiffs' depositions had previously been noticed for July 19, 2006, July 20, 2007 and August 14, 2007. The plaintiffs cancelled all of these scheduled depositions and provided no new dates.

10.   Pursuant to F.R.C.P. Rule 37(d), the Court may dismiss a case for a party's failure to attend their deposition. In this case, five deposition dates have passed and the plaintiffs have declined to appear.

-3-

11.  In light of the fact that the plaintiffs will not appear for their depositions and have not yet retained new counsel, the defendants respectfully submit that this case should be dismissed with prejudice.  Mr. Pelligrini had indicated that  plaintiffs are unwilling to prosecute this case without counsel.

12.  In addition to not appearing for their depositions on five occasions, lack of trial counsel and stated inability to try this case, it would appear that the plaintiffs do not currently have expert witnesses retained.  Therefore, the plaintiffs could not proceed to trial even if they wish to represent themselves because they can not meet their burden of proof without expert witnesses.

For the reasons set forth above, the defendants respectfully request that this Honorable

Court dismiss this case with prejudice.

Respectfully submitted
by their attorneys,


/s/ Nancy L. Watson
NANCY L. WATSON
BBO # 542480
MATTHEW R. CONNORS
B.B.O. #636358
Attorney for Defendants
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
617-720-1515


CERTIFICATE OF SERVICE

I, Nancy L. Watson, attorney for said defendant, hereby certify that I have this day served copies of this document upon all parties via first class mail, directed to: Mr. & Mrs. Robert Pelligrini, 16 Thomas Leighton Boulevard, Cumberland, RI  02864.

Date: December 11, 2007

/s/ Nancy L. Watson
NANCY L. WATSON
BBO # 542480
MATTHEW R. CONNORS
B.B.O. #636358